**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Cornell Wigfall, Sr., #2022081307, *a/k/a Cornell Jermaine Wigfall*, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 4:22-4523-TMC |
| vs. | ) ) | **ORDER** |
| Carter Weiver, Clark Ard, Brittany Keefner, Shirley Anderson, Neil Johnson, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Cornell Wigfall, Sr. ("Wigfall"), a federal pretrial detainee in a state facility, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (ECF No. 1; 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 19, 2023, the magistrate judge issued a Proper Form Order which set forth several deficiencies in Wigfall's complaint and specifically noted that Wigfall was "being given an opportunity to amend the complaint to allege facts to state an actionable federal claim." (ECF No. 8 at 5). The Order further warned that if Wigfall "fail[ed] to cure the deficiencies identified [therein], the court w[ould] recommend to the district court that the claims be dismissed with prejudice." *Id.* at 5. Wigfall filed an amended complaint. (ECF No. 11). On February 15, 2023, the magistrate judge issued a Report and Recommendation ("Report") recommending that the district court partially dismiss the amended complaint in this case because "some deficiencies persist" as to several alleged claims. (ECF No. 16 at 3). Specifically, the Report indicates that Wigfall failed to set forth claims upon which relief could be granted as to claims regarding denial

of access to court, mold, visitation, property deprivation, and RLUIPA (Religious Land Use and Institutionalized Persons Act). (ECF No. 16). However, the Report specifically noted that it carved out any First Amendment religious claim from the dismissal of the RLUIPA claims. *Id.* at 6. The Report notified Wigfall of his right to file objections. *Id.* at 7. The Report was mailed to Wigfall at his last known address (ECF No. 17), and it has not been returned to the court as undeliverable. Accordingly, Wigfall is presumed to have received the Report. However, no objections have been filed, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

As noted above, Plaintiff has failed to file any objections to the Report. Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS**, the

magistrate judge's findings and recommendations in the Report (ECF No. 16), which is incorporated herein by reference. Therefore, Wigfall's claims for denial of access to court, mold, visitation, property deprivation, and RLUIPA (notwithstanding any First Amendment religious claim) are hereby **DISMISSED with prejudice.**[1] Wigfall's remaining claims regarding medical, food/water conditions/conditions of confinement, religious services, and cell isolation/lack of exercise remain pending against all Defendants.

       **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 22, 2023

**NOTICE OF RIGHT TO APPEAL**

       The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] As Wigfall was given an opportunity to amend his complaint and did file an amended complaint which still contained the deficiencies, the court finds dismissal with prejudice to be appropriate. Furthermore, the Report specifically recommended dismissal with prejudice (ECF No. 16 at 6), and Wigfall did not file any objection thereto.