IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cornell Wigfall, Sr., *also known as* Cornell Jermaine Wigfall,<br><br>     Plaintiff,<br><br>vs.<br><br>Carter Wiever, Clark Ard, Brittany Keefner, Shirley Anderson, and Neil Johnson,<br><br>     Defendants. | Civil Action No. 4:22-cv-04523-TMC<br><br>**ORDER** |

  Cornell Wigfall, Sr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, (ECF No. 8), brought this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge previously issued a Report and Recommendation, recommending the district court partially dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 16). The undersigned issued an order adopting that report on March 22, 2023. (ECF No. 32). Thereafter, Plaintiff filed a motion for leave to file portions of his discovery (ECF No. 45), and Defendants filed a motion for summary judgment (ECF No. 47). A *Roseboro* order was mailed to Plaintiff (ECF Nos. 49, 50), and he filed a response to the motion for summary judgment. (ECF No. 51).

  By order dated November 30, 2023, the magistrate judge entered an order granting Plaintiff's motion seeking permission to file portions of his discovery. (ECF No. 52). The magistrate judge advised he would consider those documents in connection with Plaintiff's response in opposition to the motion for summary judgment. *Id*. Defendants did not file any

1

further documentation.

In his Report and Recommendation ("Report"), the magistrate judge recommended the undersigned grant Defendants' motion for summary judgment and dismiss this case in its entirety. (ECF No. 53). The Report was mailed to Plaintiff at the address he provided to the court, (ECF No. 54), and has not been returned as undeliverable. Plaintiff was advised of his right to file objections to the Report. (ECF No. 53-1). Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.

2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having thoroughly reviewed the magistrate judge's Report (ECF No. 53), and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 53), and incorporates it herein. Accordingly, for the reasons set forth herein, Defendants' motion for summary judgment is **GRANTED**, and this case is **DISMISSED.** The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

IT IS SO ORDERED.

s/ Timothy M. Cain  
Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
December 19, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.